FILED
TARRANT COUNTY
3/13/2017 3:53:49 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-290958-17 _____

| | | |
|---|---|---|
| HERMAN L. COACHMAN, JR., | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| USAA SAVINGS BANK and ALLTRAN | § | |
| FINANCIAL, LP | § | |
|     Defendants. | § | ____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HERMAN L. COACHMAN, JR., Plaintiff in the above-styled action ("Plaintiff"), and files this, Plaintiff's Original Petition, complaining of Defendants USAA SAVINGS BANK ("USAA") and ALLTRAN FINANCIAL, LP, ("AFL"), (collectively referred to as "Defendants"), for cause of action and would respectfully show the Court as follows:

**I.
CLAIM**

1. This is an action for breach of contract and for damages brought by Plaintiff, an individual consumer, against Defendants for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., ("FDCPA") and the Texas Fair Debt Collection Practices Act, Tex. Finance Code § 392, et seq. ("TFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.
## DISCOVERY CONTROL PLAN

2. Plaintiff intends that discovery is be conducted under Level One, pursuant to Texas Rules of Civil Procedure 190.2(a), as this suit involves only monetary claims equaling less than $100,000.00.

### III. PARTIES

3. Plaintiff is an individual residing in Euless, TX.

4. USAA is a Nevada corporation regularly engaged in the business of collecting debts in the State of Texas, and may be served with citation by serving its registered agent at 3773 Howard Hughes Parkway, #190n, Las Vegas, NV 89109.

5. AFL is a Texas corporation regularly engaged in business of collecting debts in the State of Texas and may be served with citation by serving its registered agent at 5800 North Course Drive, Houston, TX 77072.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA and Tex. Finance Code § 392.001(1).

### IV. JURISDICTION

7. This Court has jurisdiction over Defendants because Defendants are either domiciled in Texas and/or continuously do business in Texas. This Court has jurisdiction over this controversy because the alleged acts occurred in Texas

and because the damages sought are within the jurisdictional limits of this Court.

## V. VENUE

8. Venue is proper in Tarrant County, Texas, because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Tarrant County, Texas.

## VI. FACTS

9. AFL attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to USAA.

10. The debt at issue arose out of an alleged transaction which was primarily used for personal, family, or household purposes and falls within the definition of "consumer debt" for purposes of Tex. Finance Code § 392.001(2) and "debt" for purposes of 15 U.S.C. § 1692a(5).

11. On September 29, 2016, Plaintiff and AFL, on behalf of USAA, entered into a settlement agreement for the above referenced account. A true and correct copy of the settlement agreement is attached as Exhibit A.

12. The terms of the settlement agreement required Plaintiff to make twelve (12) monthly payments totaling $3,402.05 to settle and close his USAA account.

13. Thus, Defendants acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration for 12 monthly payments, which Plaintiff agreed to pay.

14. Plaintiff, via his debt settlement company, National Debt Relief (hereinafter "NDR"), timely made the first payment. Proof of this payment is attached herein as Exhibit B.

15. However, although Plaintiff and NDR made the subsequent settlement payments available, USAA and AFL refused to accept these payments, thereby breaching the parties' agreement.

16. Thereafter, on November 17, 2016, NDR contacted AFL to resolve the payment discrepancy; an AFL representative named Leshia explained that the account was recalled by USAA.

17. On November 30, 2016, NDR contacted USAA and spoke to a representative named Valerie who explained that USAA would not honor the prior settlement agreement and that the account needed to be renegotiated.

18. When Defendants reneged on their previous settlement agreement with Plaintiff, it constituted a breach of contract.

19. Additionally, Defendants' settlement letter was false, deceptive, and misleading, in violation of the FDCPA and TFDCPA.

20. Defendants knew or should have known that their actions violated the FDCPA and TFDCPA. Furthermore, Defendants could have taken the steps necessary to bring their actions within compliance with the TFDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and

course of their employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## VII. CAUSE OF ACTION

23. Defendants' conduct, acts and failures were the cause and proximate cause of expenses, losses, and damages to Plaintiff. The acts, conduct and failures of Defendants constituted violations of legal duties giving rise to at least the following cause of action:

### BREACH OF CONTRACT

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Defendants acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of monthly payments that Plaintiff would be required to make.

26. Plaintiff made the required monthly settlement payments, in accordance with the agreement. Defendants accepted and cashed only the first payment and refused to accept the second payment or any future payment.

27. Defendants 'reneging on its settlement agreement with Plaintiff constitutes a breach of contract.

28. As a result, Plaintiff has suffered actual and monetary damages.

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

29. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

30. By reason of the foregoing, Defendants breached the implied covenant of good faith and fair dealing implicit in their settlement agreement with Plaintiff.

31. As a result, Plaintiff has suffered actual and monetary damages.

**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

33. Defendants violated provisions of the TFDCPA, including, but not limited to, the following:

34. Texas Finance Code § 392.304 (a)(8) prohibits the misrepresentation of the character, extent, or amount of a consumer debt.

35. Tex. Finance Code § 392.304 (a)(19) prohibits any false representation or deceptive means to collect a debt.

36. Defendants violated these provisions of the TFDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement, which they did not intend to adhere to, and then subsequently demanding the original balance from Plaintiff.

## FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

38. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

39. AFL violated provisions of the FDCPA, including, but not limited to, the following: a) FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt. b) FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. c) AFL violated these provisions of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement, which it did not intend to adhere to and/or intended to breach.

### VIII. DAMAGES

40. As a result of the above violations, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing in this cause, Plaintiff have and recover a judgment against the Defendants as follows:

1) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of their breach of contract and breach of the implied covenant of good faith and fair dealing;

2) That judgment be entered against Defendants for actual damages pursuant to Texas Finance Code § 392.403(a)(2);

3) That the Court award costs and reasonable attorney's fees pursuant to Texas Finance Code § 392.403(b);

4) That judgment be entered against Defendant AFL for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

5) That judgment be entered against Defendant AFL for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

6) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

7) That the Court grants such other and further relief as may be just and proper.

Respectfully submitted,

Reznik Law Firm, PLLC

/s/ Holly J. Sheffield

---

Holly Sheffield
TX Bar # 24084371
30 Wall St., 8th Floor, #741
New York, NY 10005
212-537-9276 – Telephone
877-366-4747 – Facsimile
Holly@rezniklawfirm.com

ATTORNEY FOR PLAINTIFF

**Document type : Paid Item Check**                                              12/12/2016 09:46 AM

---

Query Result Item #: 1





| Note | Tag | Account Number | Serial Number | Amount |
|---|---|---|---|---|
| Item Date | Sequence Number | | | |
| No | No | 1881553075 | 5484 | 102.05 |
| 09/30/2016 | 973302738 | | | |

Comerica Bank                                                                  Page : 1/1

096-290958-17

**Alltran Financial, LP**
Formerly United Recovery Systems, LP

*058921307*
5800 NORTH COURSE DR
HOUSTON, TX 77072-1613
**Address Service Requested**

Your Client: Herman L Coachman JR
Creditor: USAA Savings Bank
Account: 4270823003972874
Alltran ID: 38098545 - BA18 - 545
Amount Due as of September 29, 2016: $5,233.93

September 29, 2016

Abby Murphy
National Debt Relief
11 Broadway Suite #1600
New York, NY 10004

Alltran Financial, LP
P.O. Box 722929
Houston, TX 77272-2929

Telephone: 800-466-1195, ext 9237

Please detach at perforation and return with your payment.

**SETTLEMENT!!!**

Our client has agreed to accept the offer of 12 payment(s) totaling $3,402.05 as settlement for monies owing on your client's above referenced account. Please make your or their check or money order payable to our client. The terms of the agreement are:

| Date | Amount | Date | Amount |
|---|---|---|---|
| 09/30/2016 | $102.05 | 10/31/2016 | $300.00 |
| 11/30/2016 | $300.00 | 12/30/2016 | $300.00 |
| 01/31/2017 | $300.00 | 02/28/2017 | $300.00 |
| 03/31/2017 | $300.00 | 04/28/2017 | $300.00 |
| 05/31/2017 | $300.00 | 06/30/2017 | $300.00 |
| 07/31/2017 | $300.00 | 08/31/2017 | $300.00 |

This settlement offer is void if the agreed payments are not made as stated above.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,

IESHIA J SHEPPARD
800-466-1195 ext 9237

Alltran Financial, LP
P.O. Box 722929
Houston, TX 77272-2929

Your Client: Herman L Coachman JR
Creditor: USAA Savings Bank
Account: 4270823003972874
Alltran ID: 38098545 - BA18 - 545
Amount Due as of September 29, 2016: $5,233.93

Office Hours (all times Central)
Monday-Thursday: 8 AM to 9 PM • Friday: 8 AM to 4 PM • Saturday: 7 AM to 11 AM

20160929HL0700